ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR - 2 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | No.: 4:12-CR-36-A |
| § | |
| DOMINGO CASTELLON § | |

## FACTUAL RESUME

**INFORMATION:** Count One: Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

**PLEA:** Guilty plea to Count One
Count One: Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(4)(B);

**MAXIMUM PENALTY:** Count One: Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct

Term of imprisonment for not less than ten (10) years and not more than twenty (20) years and a fine up to the amount of $250,000, or twice the pecuniary gain or twice the pecuniary loss; a mandatory special assessment of $100; and a term of supervised release of five (5) years up to any term of years to life. Revocation of the term of supervised release could result in an additional sentence of up to the term of supervised release.

Restitution to victims or to the community, which may be mandatory under the law; costs of incarceration and supervision.

**ELEMENTS OF**
**THE OFFENSE:**     In order to establish the offense alleged in Count One of the Information, the Government must prove the following elements beyond a reasonable doubt:

First:     That on or about the date set out in the Information, the defendant did knowingly possess a visual depiction of a minor engaged in sexually explicit conduct; and

Second:     That image had been mailed, shipped or transported in interstate or foreign commerce using any means or facility of interstate or foreign commerce or that the matter was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce.

**STIPULATION**
**OF FACTS:**

1.     On or about January 23, 2012, in the Fort Worth Division of the Northern District of Texas, defendant, Domingo Castellon, knowingly possessed matter, specifically, a Kingston DT 101 G2 thumb drive, that contained visual depictions of minors engaged in sexually explicit conduct that had been mailed, shipped, and transported in interstate and foreign commerce, including by computer, and which was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce. Included in the images possessed by Castellon were the following three described still images visually depicting minors engaged in sexually explicit conduct and the lascivious exhibition of the genitals and pubic area of said minors, as defined in 18 U.S.C. § 2256:

| File name | Description of the image |
|---|---|
| Extreme(458).jpg | This file depicts a prepubescent nude minor female who is gagged with a red ball and whose hands and feet are tied; the legs are spread apart to display the child's genital area in a lewd and lascivious manner. |

Factual Resume - Page 2

| Extreme(464).jpg | This file depicts a prepubescent female bound with tape around her arms and legs, tape also covers her mouth. The child is lying on her back and her genitals are exposed in a lewd and lascivious manner. |
|---|---|
| Fav A (1041).jpg | This file depicts a prepubescent female performing oral sexual intercourse with an adult male who is nude from the waist down. |

2.   On January 23, 2012, Fort Worth Police Department officers arrested Domingo Castellon for possession of drug paraphernalia. While at the jail, officers retrieved three thumb drives from the front pocket of Castellon's pants. Castellon initially denied ownership of two of the three thumb drives but later admitted to ICE agents that all three thumb drives, including the Kingston DT 101 G2 thumb drive, was his. Castellon possessed approximately 45,000 still images and movies depicting child pornography.

3.   Castellon knew that the images he possessed on the Kingston thumb drive depicted real minors ranging in age from infants to teens who were engaged in sexually explicit conduct to include bondage, the lewd lascivious display of genitals and oral, anal, and genital sexual intercourse with other minor children or with adults.

4.   Castellon acquired these images of child pornography by using a computer connected to the internet and then transferring the images to the Kingston DT 101 G2 thumb drive. The computer used by Castellon to acquire the child pornography is described as a Dell desktop, model number OPTGX520 with no serial number and was seized during a search of Castellon's bedroom. Also seized from Castellon's room was a Western Digital external hard drive, model number WD8001032, serial number WMAM9KZ27599, which contained deleted images of child pornography. Castellon told agents he deleted all the images he downloaded from his computer. Castellon stipulates to and agrees that the Kingston DT 101 G2 thumb drive was manufactured in China. He also agrees that the visual depictions contained on the thumb drive had been mailed, shipped, and transported in interstate and foreign commerce, including by computer, and the thumb drive was produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

**Factual Resume - Page 3**

5.     Castellon stipulates that prior to the commission of the instant offense, Castellon had a prior conviction under Texas state law, Penal Code Sec. 22.012, relating to aggravated sexual abuse. Specifically, on June 22, 1990, Castellon was convicted in Criminal District Court One, Tarrant County, Texas in cause numbers 0331832D, 0331835D, and 0355776D, for the felony offenses of Aggravated Sexual Assault of a Child Younger than 14 Years of Age.

6.     Castellon states he is the sole owner of the Kingston DT 101 G2 thumb drive and the Dell desktop computer, model number OPTGX520, and agrees to forfeit this property to the Government in federal administrative and/or judicial (criminal or civil) forfeiture proceedings. The defendant states the above-described property is the type of property described in 18 U.S.C. § 2253(a) and was involved in the offense alleged in Count One of the Information. The defendant agrees the above-described property is subject to forfeiture pursuant to 18 U.S.C. §§ 2253 and 2254 and agrees to its forfeiture in an administrative forfeiture proceeding pursuant to 18 U.S.C. §§ 981 and or 983; the Code of Federal Regulations; and/or 19 U.S.C. §§ 1607-1609. The defendant agrees he will not file claims to the above-described property in any administrative and/or judicial (civil or criminal) forfeiture proceedings, and if he has filed claims to the above-described property in such proceedings, he now withdraws those claims and will execute the necessary documents to withdraw said claims and any other documents as requested by the government to effect the forfeiture of the above-described property and the transfer of his interest in it to the government. The defendant waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative and/or judicial (civil or criminal) forfeiture proceedings with respect to the property, including those set out in 18 U.S.C. §§ 983; 19 U.S.C. § 1621; and/or any other applicable statute of limitations. The defendant consents to the entry of orders of forfeiture for the above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of the Federal Rules of Criminal Procedure regarding any criminal forfeiture proceedings. The defendant acknowledges and understands that the forfeiture of the above-described property is part of the sentence which may be imposed in this case and waives any requirement of the Court to advise him of the same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to effect administrative and/or judicial (civil or criminal) forfeiture of the above-described property. The defendant waives all challenges (constitutional, statutory, habeas, etc.) to any administrative and/or judicial (civil or criminal) forfeiture of the above-described property and agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in

**Factual Resume - Page 4**

connection with the seizure, forfeiture, storage, or disposal of the above-described property.

SIGNED and AGREED to on this the 11th day of February, 2012.

_____  _____
Domingo Castellon              William Biggs
Defendant                      Attorney for Defendant


I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. Section 2250, which is punishable by a fine or imprisonment or both.

_____  ___2/11/2012___
Domingo Castellon              Date

I am the defendant's counsel. I have carefully reviewed every part of this Factual Resume with the defendant, including the notice that he is required to register as a sex offender. To my knowledge and belief, my client's decision to enter into this Factual Resume is an informed and voluntary one.

_____  ___2/11/2012___
William Biggs                  Date
Attorney for Defendant


Factual Resume - Page 5